## Margulies v. Gottlieb et al., Appellants.

*Common carriers—Delivery c. o. d.—Failure to collect charges —Evidence.*

In an action to recover the price of goods given to the defendant, a common carrier, to be delivered c. o. d., which were delivered without first obtaining the purchase price, it is not error to admit in evidence a receipt for the goods signed by the defendants' driver, to whom the consignment was delivered.

A receipt is not a contract and it was, therefore, not necessary to include it in the statement of claim.

Argued October 8, 1919.   Appeal, No. 157, October T., 1919, by defendants, from judgment of Municipal Court of Philadelphia, April T., 1918, No. 402, on verdict for plaintiff in the case of Louis Margulies v. Hyman Gottlieb, Joseph H. Gottlieb, Louis A. Gottlieb and John J. Gottlieb, individually and trading as H. Gottlieb & Bros. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Affirmed.

Assumpsit to recover price of consignment, delivered contrary to instructions.   Before CRANE, J.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff for $132.50 and judgment thereon. Defendants appealed.

*Errors assigned* were various rulings on evidence and refusal to grant a new trial.

*Louis Waber* for appellants.

*Charles J. Weiss,* and with him *Henry Wessel, Jr.,* and *Jerome Bennett,* for appellee.

OPINION BY HENDERSON, J., December 8, 1919.:

The defendants were transporters of merchandise between Philadelphia and New York. The plaintiff, a merchant in Philadelphia, employed them to deliver two packages of goods to a consignee in New York City. The plaintiff alleges that the price of the goods was to be collected at the time of delivery to the purchaser and that the packages were marked C. O. D. It is admitted that the defendants received the packages and delivered them to the consignee and that they did not collect the price. They denied that the packages were marked for collection on delivery, or that they had notice that collection was to be made by them. Under the evidence the issue was therefore clearly defined. There was testimony tending to show that the defendants were notified by the plaintiff's agent when requested to call for the goods that the shipment was to be C. O. D. and that the packages were plainly so marked. In support of the action, the plaintiff offered in evidence a receipt signed by the driver, who in response to the notice to that effect from the plaintiff's place of business, called to get the goods for transportation to New York. This was objected to, and the refusal of the court to sustain the objection is the first assignment of error. On the evidence presented, we think it is clear that the receipt was properly admitted. It was given by the man who apparently was the agent of the defendants and they admit that the goods came into their possession through the delivery by the plaintiff to this agent. The latter had authority therefore to give a receipt on behalf of the defendants. The plaintiff's evidence shows the receipt was exhibited to one of the defendants sometime afterward and that no objection was made to it or to the authority of the driver to sign it. The receipt was not the contract—it was evidence of the terms under which the shipment was made. It was not

necessary therefore to set it forth in the statement of claim. The learned trial judge submitted the question at issue to the jury in an impartial charge, and no objection is made to it.

The remaining assignment is to the refusal of the court to grant a new trial. Nothing disclosed by the evidence or presented at the argument sustains the claim of the appellants that the action of the court was an abuse of discretion. It certainly was not a case where it could be said with reasonable confidence that the plaintiff had not made out a case or that the jury ignored the material evidence.

The appeal is dismissed—the judgment affirmed.